UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUE A. NAHER, on behalf of herself and all other similarly situated, ) ) ) *Plaintiff*, ) ) v. ) ) EXPERIAN INFORMATION SOLUTIONS, ) INC. ) ) *Defendant*. ) | Case No. Hon. Assigned District Judge Hon. Assigned Magistrate Judge |

## CLASS ACTION COMPLAINT

On behalf of herself and all others similarly situated, Plaintiff Sue A. Naher ("Plaintiff" or "Ms. Naher"), by and through her attorneys, Francis & Mailman, P.C., respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Experian Information Solutions, Inc. ("Defendant" or "Experian"), a national consumer reporting agency. In violation of the FCRA, Defendant prepares and furnishes consumer reports that include tax liens that, despite being listed in Cook County, Illinois public records as having been paid, satisfied, or released, are reported by Defendant as unpaid, unsatisfied, or outstanding.

## PARTIES

2. Ms. Naher is an adult individual residing in Powell, Ohio and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). At all times relevant to liability in this matter, Ms. Naher was a resident of Cook County, Illinois.

3. Defendant is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Illinois, has substantial contacts in this District, and is headquartered at 475 Anton Boulevard, Costa Mesa, CA 92626.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Illinois.

8. Defendant is regulated by the FCRA.

*Defendant's Tax Lien Information Acquisition Policies and Procedures*

9. For nearly a decade, Defendant has had only one source of tax lien information for consumers in Illinois (and indeed across the country): LexisNexis Risk & Information Analytics Group, Inc. ("Lexis"), a private business that Defendant calls a "vendor."

10. When it provides tax lien information to Defendant, Lexis does not provide the actual taxing authority records recorded in the various government offices throughout Illinois or even digital representations thereof. Rather, in accordance with their agreements, Lexis sends Defendant a bulk, electronic distillation of those records from time to time that does not include all of the information available in the actual records themselves.

11. More importantly, Lexis routinely fails to provide Defendant with the most up to date tax lien information available in the public record and Defendant takes no steps to obtain the most up to date tax lien information itself. For example, a taxing authority might file a release of a tax lien, a development favorable to the taxpayer from a credit reporting standpoint, but Defendant would never know and would not update its database, Lexis having failed to notify Defendant of the filing of the release.

12. For many years, Defendant has known that the tax lien information provided by Lexis and subsequently incorporated into its own databases—without any additional verification or vetting—for purposes of credit reporting is not reliable and is harmful to consumers like Plaintiff.

13. Notwithstanding its knowledge of mistakes and the existence of out of date tax lien information in its consumer database, Defendant continues to obtain tax lien information in a bulk, distilled form from Lexis instead of referring to the actual records themselves or procuring the data from a different, more reliable vendor, purely for cost-savings purposes.

14. In fact, Defendant's steadfast refusal to alter its procedures has resulted in a substantial amount of litigation over its public record acquisition and reporting practices across the country. *See, e.g., Clark v. Experian*, No. 3:16-cv-32 (E.D. Va.); *Taylor v. Experian*, No. 1:16-cv-2074 (D. Md.); *Brown v. Experian*, No. 3:16-cv-670 (E.D. Va.); *Camarata v. Experian*, 1:16-cv-132 (S.D.N.Y.); *Cole v. Experian*, 3:16-cv-635 (W.D. Ky.); *Rossbottom v. Experian*, No. 0:16-02832-TWL (D.S.C.).

15. Defendant's practices and procedures regarding the collection and reporting of tax lien information, specifically its failure to report the most up to date status of released or withdrawn tax liens, causes widespread harm to Illinois tax payers.

*Experian Reports Erroneous Information about Ms. Naher's Released Tax Liens*

16. On or about February 22, 2017, Ms. Naher applied for a mortgage with Concord Mortgage Group ("Concord"). As a part of the application process, Concord obtained a credit report concerning Ms. Naher that public records information provided by Defendant.

17. Defendant erroneously reported to Concord that Plaintiff had an outstanding tax lien in the Office of the Cook County Recorder of Deeds in the amount of $11,853.

18. Upon review of the credit report, Concord informed Ms. Naher that her mortgage application was denied in whole or in part based on tax lien information provided by Defendant.

19. On or about April 19, 2017, Ms. Naher requested and received a copy of her "personal credit report" from Defendant. That report, too, contained inaccurate information as well, including but not limited to, the existence of the same "outstanding" federal tax lien in the amount of $11,853.

20. However, Ms. Naher had long before satisfied the tax lien in question and the Internal Revenue Service filed a Form 668(z) Certificate of Release of Federal Tax Lien in the Office of the Cook County Recorder of Deeds on May 19, 2015.

21. Notwithstanding the existence of the release of Ms. Naher's tax lien in the public record for nearly two years, pursuant to its usual and systemic practice, Defendant did not update its files pertaining to Ms. Naher to show that the lien had been released prior to furnishing the inaccurate information to Concord on February 22, 2017.

22. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23.     At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for Ms. Naher's rights as set forth in section 1681e(b) of the FCRA. Upon information and belief, Defendant's collecting and reporting the initial entry of tax liens is believed by it to be of greater economic value than collecting and reporting information indicating that a tax lien has been paid, satisfied, or released.

24.     The reporting of Ms. Naher's tax lien by Defendant was inaccurate and occurred because Defendant failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it prepared about her.

25.     Indeed, Defendant follows no procedure which assures that, when a tax lien is paid, satisfied, or released, the updated status is promptly obtained and reflected upon a consumer's credit report.

26.     Instead, Defendant relies exclusively on Lexis to obtain all tax lien information that it reports about consumers like Ms. Naher and Lexis routinely fails to obtain and pass to Defendant information pertaining to updates in the status of tax lien.

27.     In Plaintiff's case, Defendant did not request, receive, or report the accurate status of the lien in 2017 even though the IRS had released it in 2015.

28.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

30. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

*Cook County Classes*

A. All natural persons who: (i) had a tax lien recorded against them in the office of the Cook County (Illinois) Recorder of Deeds; (ii) the tax lien appeared on an Experian consumer report dated within two years prior to the filing of this Complaint; (iii) the public records available in the office of the Cook County (Illinois) Recorder of Deeds indicated that the tax lien had been paid, satisfied, or released on a date prior to the date of the Experian consumer report; and (iv) the Experian consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Two-Year Failure to Update Cook County Class").

B. All natural persons who: (i) had a tax lien recorded against them in the office of the Cook County (Illinois) Recorder of Deeds; (ii) the tax lien appeared on an Experian consumer report dated within five years prior to the filing of this Complaint; (iii) the public records available in the office of the Cook County (Illinois) Recorder of Deeds indicated that the tax lien had been paid, satisfied, or released on a date prior to the date of the Experian consumer report; and (iv) the Experian consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Five-Year Failure to Update Cook County Class").

*Illinois-Wide Classes*

C. All natural persons who: (i) had a tax lien recorded against them in the public records of the relevant office within the State of Illinois; (ii) the tax lien appeared on an Experian consumer report dated within two years prior to the filing

6

of this Complaint; (iii) the public records of the relevant office within the State of Illinois indicated that the tax lien had been paid, satisfied, or released on a date prior to the date of the Experian consumer report; and (iv) the Experian consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Two-Year Failure to Update Illinois-Wide Class").

        D.        All natural persons who: (i) had a tax lien recorded against them in the public records of the relevant office within the State of Illinois; (ii) the tax lien appeared on an Experian consumer report dated within five years prior to the filing of this Complaint; (iii) the public records of the relevant office within the State of Illinois indicated that the tax lien had been paid, satisfied, or released on a date prior to the date of the Experian consumer report; and (iv) the Experian consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Five-Year Failure to Update Illinois-Wide Class").

31.    Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

32.    **Numerosity**. **FED. R. CIV. P. 23(a)(1)**. The Class members are so numerous that joinder of all is impractical. Although the precise number of Class members is known only to Experian, there are tens of thousands of publicly recorded tax liens in the various county recorders' offices within the State of Illinois, and the names and addresses of the Class members are identifiable through documents maintained by Defendant and through publicly available records.

33.    **Existence and Predominance of Common Questions of Law and Fact**. **FED. R. CIV. P. 23(a)(2)**. Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual

questions include, among others:

    A.    Whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the tax lien information it reported about Illinois taxpayers.

34. **Typicality**. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal theories. Defendant reports tax liens that have been paid more than seven years prior to the date of the consumer report. Defendant also reports tax liens that have been paid, satisfied or released without reporting their paid, satisfied or released status. Plaintiff has the same claims for statutory, actual, and punitive damages that she seeks for absent class members.

35. **Adequacy**. FED. R. CIV. P. 23(a)(4). Plaintiff is an adequate representative of the Class. Her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent. She has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

36. **Predominance and Superiority**. FED. R. CIV. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's conduct described in this Complaint stems from common and uniform practices, resulting in common violations of the FCRA. Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not likely present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

37. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## **CAUSES OF ACTION**

### **COUNT I**
### **(Two-year Failure to Update Classes)**

38. Plaintiff realleges and incorporates by reference all preceding paragraphs alleged above.

39. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other members of the alleged Two-Year Failure to Update Classes: namely the Two-Year Failure to Update Cook County Class and the Two-Year Failure to Update Illinois-Wide Class.

40. Pursuant to 15 U.S.C. §§ 1681n & 1681o, Defendant is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681e(b), in an amount equal to the sum of: (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual

damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## COUNT II
### (Five-year Failure to Update Claims)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs alleged above.

42. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other members of the Five-Year Failure to Update Classes: namely the Five-Year Failure to Update Cook County Class and the Five-Year Failure to Update Illinois-Wide Class.

43. Pursuant to 15 U.S.C. §§ 1681n & 1681o, Defendant is liable to Plaintiff and all Class members for its failure to comply with FCRA Section 1681e(b), in an amount equal to the sum of: (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of statutory, actual and punitive damages for Plaintiff and the Classes;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorneys' fees and costs; and,

E. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests and demands a trial by jury.

Respectfully submitted,

Dated: June 27, 2017  BY: */s/ Jordan M. Sartell*
**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice* forthcoming)
JOHN SOUMILAS (*pro hac vice* forthcoming)
JORDAN M. SARTELL (admitted in Illinois)
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
E: jsartell@consumerlawfirm.com

*Attorneys for Plaintiff*